CHAPTER 10

# ODFIs and Return, Dishonored Return and Contested Dishonored or Corrected Return Entries

## RECEIPT OF RETURN ENTRIES

The ACH Network supports the capability to return entries for specific reasons. The process allows various participants in the Network to exercise their respective rights not to accept an entry and to return it to the Originator through the ACH Network. When the return has been transmitted by the RDFI and subsequently flows through the ACH Network to the ODFI, the ODFI has the right to dishonor the return under certain circumstances. The RDFI may react to that dishonor by accepting the dishonor, contesting the dishonor, or by correcting the return. The procedure is as follows:

1. The RDFI receives an ACH entry and returns it to the ODFI.

2. The ODFI evaluates and processes the return. In some situations, the ODFI may choose to dishonor the return if the return is untimely; contains incorrect information; is misrouted; is a duplicate; or results in an unintended credit to the Receiver related to the reversal process.

3. The RDFI either accepts the dishonored return, contests the dishonored return, or corrects the return.

This sequence can take place only once; there is no further recourse available to the parties within the ACH Network. Any disagreement beyond this point must be handled outside the ACH process.

Returns are transmitted by the ACH Operator to the ODFI (or its receiving point) and are included in regular ACH files. Therefore, the ODFI's receiving software must be able to recognize returns and sort them appropriately for action by the ODFI.

Returns can be initiated from one of two sources:

- ACH Operator – entries that cannot be processed through the ACH Network will be returned to the ODFI by the ACH Operator and will carry Return Reason Codes used only by ACH Operators. (A complete list of Return Reason Codes used by the ACH Operator appears in Appendix Two of the *NACHA Operating Rules*.)

  These entries were never received by the RDFI. The Originator should be notified immediately that entries were returned by the ACH Operator so that it can initiate a corrected entry or contact the Receiver about using an alternate method of payment.

- RDFI – entries are returned by the RDFI for specific reasons. (A complete list of Return Reason Codes used by the RDFI can be found in Appendix Four of the *NACHA Operating Rules*.)

Once returns are identified at the ODFI, the ODFI may:

- Forward the return to the Originator for action.

- Reinitiate an entry for the Originator if it has been returned for R01 (Insufficient Funds) or R09 (Uncollected Funds). (Note: The number of times that an entry returned for R01 or R09 can be reinitiated must not exceed the limits established by the *NACHA Operating Rules*.)

- Dishonor the Return. (See Dishonor of Returned Entries below.)

All ODFIs must be aware of specific processing windows offered by ACH Operators for the processing of returns. ODFIs may have returns available from ACH Operators toward the end of the business day; they should make sure that the files containing these returns are processed prior to the close of business for proper posting and handling.

When an ODFI receives a return bearing Return Reason Code R05, R07, R10, R37, R51, or R53, the RDFI has warranted that it has obtained a Written Statement of Unauthorized Debit from the Receiver stating that the Receiver did not authorize the transaction or that the entry was improperly

Case 3:20-cv-00116-DPM   Document 22-6   Filed 07/27/20   Page 2 of 5

SECTION II – Originating Depository Financial Institutions
CHAPTER 10 ODFIs AND RETURN, DISHONORED RETURN AND CONTESTED DISHONORED OR CORRECTED RETURN ENTRIES

originated. The ODFI has up to one year from the return of the original entry to request, in writing, that the RDFI provide a copy of the Written Statement of Unauthorized Debit. ODFIs should establish procedures to accept requests from their Originators for copies of Written Statements of Unauthorized Debit and for making those requests to RDFIs.

## UNAUTHORIZED ENTRY FEES

The *Rules* provide for an Unauthorized Entry Fee to be charged to an ODFI for each debit entry that is returned to it as unauthorized. This fee is intended to improve ACH Network quality by reducing the incidence of ACH debits that are returned as unauthorized. ODFIs are required to pay a fee to an RDFI for any ACH debit returned due to a reason of unauthorized (return reason codes R05, R07, R10, R29 and R51). International ACH Transactions (IAT) are not currently covered by the fee, but could be included in the future. ODFIs have an economic incentive to improve the quality of the ACH transactions they originate. This rule encourages ODFIs to implement processes or tools with their Originators to address practices that result in entries being returned as unauthorized, such as unclear, confusing or deceptive authorizations, and unclear or improper identification of transactions.

## INCOMPLETE TRANSACTIONS AND THE RETURN OF FUNDING DEBIT ENTRIES

The *Rules* allow the return of a debit entry to a consumer account (or any Receiver with respect to an ARC, BOC, or POP entry) within 60 days of the Settlement Date for an "Incomplete Transaction." An Incomplete Transaction is defined as a payment to an intended third-party payee that was not made or completed by the Originator, Third-Party Sender or ODFI of a corresponding debit entry authorized by a consumer Receiver (or any Receiver with respect to an ARC, BOC, or POP entry) for the purpose of funding the payment to the third-party payee. A partial or erroneous payment to the intended third-party payee is not an Incomplete Transaction.

In certain business arrangements, a Third-Party Sender initiates a debit entry to a consumer's account (or any Receiver with respect to an ARC, BOC, or POP entry) to fund a corresponding payment (e.g., an ACH credit) to a payee. For example, Third-Party Senders may be involved in the origination of utility payments, bill payments, tuition payments, etc. In situations where a Third-Party Sender debits a Receiver's account, but does not complete the intended transaction by paying the Receiver's obligation to the payee, the underlying transaction is incomplete (an "Incomplete Transaction"). Incomplete Transactions create service issues for RDFIs, particularly when a Third-Party Sender fails to perform its obligations across a large number of customers.

This rule permits a consumer Receiver (or any Receiver with respect to an ARC, BOC, or POP entry) to request, and requires the RDFI to provide, re-credit for a debit Entry to the Receiver's account when it is part of an Incomplete Transaction. The rule also specifically provides for the return of such a debit by the RDFI, putting the obligation for the debit back with the ODFI where it rightfully belongs. The request for re-credit and the RDFI's return of a debit related to an Incomplete Transaction are subject to the same requirements and time frames defined within the *Rules* for the recredit and return of an unauthorized debit to a consumer's account (or any Receiver's account with respect to an ineligible/improper ARC, BOC, or POP entry). Specifically, the rule requires an RDFI to recredit a Receiver's account for a debit that is part of an Incomplete Transaction if the Receiver has provided a Written Statement of Unauthorized Debit. The RDFI is required to transmit a return in such time and manner as to be made available to the ODFI no later than the opening of business on the Banking Day following the sixtieth calendar day following the Settlement Date of the debit entry. Return Reason Code R10 (Customer Advises Not Authorized, Improper, or Ineligible) should be used for this purpose.

ODFIs may need to perform additional due diligence with respect to Third-Party Sender customers to ensure that the Third-Party Senders have the capabilities to complete transactions.

*For additional information on Written Statements of Unauthorized Debit, refer to Chapter 26 of these Guidelines.*

Case 3:20-cv-00116-DPM Document 22-6 Filed 07/27/20 Page 3 of 5

SECTION 2.6 Originating Depository Financial Institutions
CHAPTER 10 ODFIs AND RETURN, DISHONORED RETURN AND CONTESTED DISHONORED OR CORRECTED RETURN ENTRIES

## REINITIATION OF RETURNED ENTRIES

The ODFI must be aware that all returns and notifications of change will be delivered by the ACH Operator to the ODFI or its Receiving Point, regardless of the Sending Point of the file. The ODFI's receiving software must be able to identify these entries for possible action or for distribution back to the Originator.

For returned entries other than RCK entries, the *NACHA Operating Rules* permit an Originator or ODFI to reinitiate the returned ACH entry if (1) the entry has been returned for insufficient or uncollected funds; (2) the entry has been returned for stopped payment and reinitiation has been authorized by the Receiver, or (3) the ODFI has taken corrective action to remedy the reason for the return. The *NACHA Operating Rules* impose a limit on the number of times that an entry returned for insufficient or uncollected funds may be reinitiated by an Originator or its ODFI, allowing such entries to be reinitiated a maximum of two times following the return of the original entry.

For returned RCK entries, an Originator or ODFI may reinitiate the entry only if (1) the RCK entry has been returned for insufficient or uncollected funds, and (2) the item to which the RCK entry relates has been presented no more than one time through the check collection system (as a check, substitute check, or image) and not more than one time as an RCK entry.

In all cases, the reinitiation must occur within 180 days of the Settlement Date of the original entry.

The *Rules* explicitly prohibit the reinitiation of entries outside of the limited circumstances stated above. The *Rules* clarify three categories of entries that are not considered reinitiations. First, a debit entry in a series of preauthorized recurring debit entries will not be treated as a reinitiated entry, even if the subsequent debit entry follows a returned debit entry, as long as the subsequent entry is not contingent upon whether an earlier debit entry in the series has been returned. For example, if a consumer arranges for his minimum payment on a credit card balance to be paid monthly from an account based on a preauthorization for recurring debits, and the consumer's debit entry for the September minimum payment is returned for insufficient funds, the debit entry for the October minimum payment would not be considered a reinitiation of the debit entry with respect to the returned September entry.

Second, a debit entry is not considered a reinitiation if the Originator obtains a new authorization for the debit entry after the receipt of the return. For example, if an Originator has twice attempted to re-present an entry returned as NSF, and the consumer later provides a new authorization because he now has funds in his account, the Originator is permitted to debit the account. The timing requirement is important, however, since Originators will not be permitted to obtain advance approval to debit an account in a manner that would otherwise violate the reinitiation rule.

Third, an entry that has been returned due to invalid or incorrect routing and account information (i.e., R03/R04) is not considered to be a reinitiated entry when corrected and subsequently transmitted into the ACH Network. By definition, a Reinititated Entry is an entry to the same Receiver's account. In this situation, a new entry with corrected routing and/or account number information would be the first presentment to the correct Receiver's account and should not be identified as a reinititated entry. To identify the correct entry as a reinitiated entry would cause confusion to the Receiver, since there was no previous attempt to post the entry to the correct Receiver's account.

The reinitiation rules also address two technical issues associated with these transactions. First, for all reinitiated entries, the ODFI is required to include the description "RETRY PYMT" in the Company Entry Description field to identify entries that are permissible resubmissions of returned entries under the rules for reinitiation. This description supersedes any existing entry description and notifies the Receiver that the entry relates to a previously returned entry; it will facilitate research and dispute resolution for RDFIs. The description "RETRY PYMT" must replace the original content of the Company Entry Description field transmitted in the original entry, even in cases where the original entry contains a description required by the *Rules,* such as REDEPCHECK, RETURN FEE, etc. Second, there is

Case 3:20-cv-00116-DPM   Document 22-6   Filed 07/27/20   Page 4 of 5

SECTION II – Originating Depository Financial Institutions
CHAPTER 10 ODFIs AND RETURN, DISHONORED RETURN AND CONTESTED DISHONORED OR CORRECTED RETURN ENTRIES

not currently a separate return code for an RDFI to indicate when an entry is being returned for a violation of the reinitiation rules. The *Rules* allow such returns to use Return Reason Code R10 (used for extended returns), since most violations of the reinitiation rules are likely to be identified via a customer complaint after the expiration of the "two-day" return timeframe (i.e., an extended return timeframe would be necessary). In order to use R10 and the extended return timeframe, the RDFI will need to obtain a Written Statement of Unauthorized Debit.

## DISHONOR OF RETURNED ENTRIES

The ODFI can send back (dishonor) a return to the RDFI if the return was untimely; contained incorrect information; was misrouted; was a duplicate; or resulted in an unintended credit to the Receiver related to the reversal process. A dishonored return must be transmitted within five banking days of the Settlement Date of the return.

If an Originator fails to utilize the Dishonored Return process, such failure does not preclude its right to seek recovery against an RDFI outside of the ACH return process for a late return.

### Dishonoring an Untimely Return

The issue of untimely returns usually occurs in debit applications. An ODFI will probably accept a returned credit entry even if it is received late; however, in a debit application, where money is owed to the Originator, the late return of an entry could make it difficult for the ODFI or Originator to collect the funds that are owed.

Payment finality plays a critical role in an ODFI's ability to manage its ACH risk and evaluate the credit-worthiness of its Originators for their ACH and other banking activity. To that end, it is essential for both ODFI and Originator, through contract, to establish a definitive point in time at which both parties agree that funds can be considered "good funds." As a general industry practice, this occurs once the time frames have expired for automated returns through the ACH Network. At that point, ODFIs can assume that debits will not be returned, and can release the funds to their Originators if they have not already done so (although the debits may be subject to warranty claims). Beyond that point, funds from late returns might not be recoverable from the Originator, based on the terms of the Originator/ODFI agreement, and a loss could be suffered by the ODFI. The ability to dishonor an untimely return allows an ODFI to control this risk and service its customer.

For many common return reasons, such as NSF, the rules require that each return entry be received by the RDFI's ACH Operator by its deposit deadline for the return entry to be made available to the ODFI no later than the opening of business on the second banking day following the Settlement Date of the original entry. For extended returns, the return entry must be received by the RDFI's ACH Operator by its deposit deadline for the return entry to be made available to the ODFI no later than the banking day following the sixtieth calendar day following the settlement date of the original entry that is being returned.

The ODFI should observe the following steps regarding untimely returns:

- Originate the dishonored return using the Dishonored Return Code R68 – Untimely Return.
- Establish procedures for handling dishonored returns that may be contested by the RDFI.

### Dishonoring Other Types of Returns

It is possible that a return can contain incorrect information that will inhibit the Originator's or ODFI's ability to handle the return. When that occurs, the ODFI may dishonor a return for specific reasons. These reasons include misrouted and duplicate returns, as well as those that contain field errors. The ODFI may also dishonor a return entry identified by the RDFI as being returned with the permission of, or at the request of, the ODFI, but the ODFI has not agreed to accept the entry or has not requested the return of the entry.

### Dishonoring a Return that has Resulted in, or Failed to Correct, an Unintended Credit to the Receiver

A return may be dishonored by the ODFI when the Originator's or ODFI's use of the reversal process has resulted in, or failed to correct, an

unintended credit to the Receiver. The dishonored return would be originated by the ODFI with a Return Reason Code of R62 - Return of Erroneous or Reversing Debit.

### Specific Warranties for Dishonored Returns Relating to Reversals

When an ODFI dishonors a return because it claims the Receiver has been unintentionally credited due to the reversal process, it warrants that either

- the ODFI transmitted a credit reversing entry to correct a debit erroneous entry and that the ODFI has not received a return of that reversing entry from the RDFI; or

- the reversing entry was intended to correct a corresponding credit erroneous entry and that the ODFI has not received a return of the credit erroneous entry from the RDFI.

*Appendix Four of the* **NACHA Operating Rules** *contains the various Return Reason Codes for dishonoring return entries.*

The ODFI must coordinate procedures with its Originators for identifying returned entries and initiating dishonored returns.

## RECEIPT OF CONTESTED DISHONORED RETURNS

The ODFI may expect to receive contested dishonored returns from an RDFI, as notice that it is contesting or correcting a dishonored return. The RDFI contests a dishonored return when the ODFI has dishonored the return as:

- untimely, but the RDFI claims that it did return the entry in a timely manner;

- duplicate, but the RDFI claims the return entry was not a duplicate;

- incorrect or missing information, but the RDFI claims the original return entry was complete and contained no errors; or

- resulting in an unintended credit to the Receiver, but the RDFI claims it has returned both the erroneous entry and the subsequent reversing entry or the RDFI is unable to recover the funds

from the Receiver relating to the dishonored return.

### Contested Dishonor of Untimely Returns

When an ODFI dishonors a return as untimely, the RDFI has the right to contest the dishonor if the RDFI met the required time frame for the original return. The RDFI must do so within two banking days of the Settlement Date of the dishonored return claim. The RDFI's claim that it did return the entry in a timely manner is the final course of action for that entry for either party within the ACH process. Once an ODFI receives a Contested Dishonored Return for an entry that it claimed was returned late, that ODFI must look to procedures outside of the ACH Network to settle any further dispute with the RDFI. The process can be outlined as follows:

Step 1 – The ODFI transmits an entry to the RDFI.

Step 2 – The RDFI returns the entry.

Step 3 – The ODFI/Originator dishonors the return based on a claim that the return was untimely.

Step 4 – The RDFI researches the original and return entry and determines whether or not it originated the return in a timely manner. The RDFI warrants that it has proof that the original return entry did meet the established time frames and that it can verify that information.

Step 5 – The RDFI transmits a Contested Dishonored Return entry to the ODFI.

Step 6 – The ODFI looks to procedures established by agreement with its Originator for the appropriate manner in which to handle the entry: (1) forward the entry to the Originator; (2) pursue the issue with the RDFI; (3) pursue the issue through the NACHA arbitration process; or (4) suffer the loss.

### Corrected Entries

When an ODFI dishonors a return because it contains incorrect information, the RDFI has the right to transmit a corrected return within two banking days of the Settlement Date of the dishonored return entry. The RDFI uses the contested dishonored return process to make the correction.