# **Exhibit 6**

**COMMONWEALTH OF KENTUCKY**
**McCRACKEN CIRCUIT COURT**
**DIVISION NO. I**
**CIVIL ACTION NO. 19-CI-00817**

ENTERED
MAR 1 8 2020
McCRACKEN CIRCUIT COURT
PADUCAH, KENTUCKY

**JULIE ALMON, individually and on**
**behalf of all others similarly situated**                                    **PLAINTIFF,**

**VS.**                         **MEMORANDUM AND ORDER**
                        **GRANTING MOTION TO DISMISS IN PART**

**INDEPENDENCE BANK,**                                              **DEFENDANT.**

Defendant, Independence Bank ("Independence"), moves pursuant to CR

12.02(f) to dismiss plaintiff's complaint for failure to state a claim upon which relief could

be granted.  Plaintiff, Julie Almon ("Almon"), filed this class action suit on September 16,

2019, along with an amended complaint on January 24, 2020. The amended complaint

alleges breach of contract, including the duty of good faith and fair dealing, unjust

enrichment, and violation of the Kentucky Consumer Protection Act. For the reasons

below, the motion to dismiss will be granted in part and denied in part.

The relevant facts are as follows. Almon is a customer of Independence and has

a checking account governed by a "Deposit Account Agreement" ("Agreement").

Relevant to Almon's claims, the agreement provides:

> 14. Non-sufficient Funds and Overdrafts. If your account
> lacks sufficient funds to pay a check, preauthorized transfer,
> or other debit activity presented for payment as determined
> by the available balance or actual balance in your account,
> we may (1) return the item, or (2) pay the item at our
> discretion.
> . . .
>
> If we return the item without paying it, we may charge you a
> non-sufficient funds fee. If we do pay the item on your
> behalf, you will be responsible to pay the overdrawn balance
> and an overdraft fee. . . .  Our handling of these items may

1

subject your account to a fee as disclosed in the Fee
Schedule or other Disclosures.

Further, the fee schedule provides: "Return item(s) Fee-per item returned, $35.00." The

fee schedule does not specifically list a "non-sufficient funds fee."

Almon alleges that on multiple occasions, Independence charged her multiple

Return Item Fees ("RI Fees") fees for the same item. For instance, on May 2, 2017,

Independence rejected payment of Check #2979 due to insufficient funds and assessed

Almon a $35 RI Fee. The same check was presented again to Independence on May 5

and May 10, respectively. Both times Independence rejected the transaction due to

insufficient funds and assessed Almon a $35 RI Fee. Almon argues that assessing

multiple RI Fees for a single item violates the parties Agreement. She argues that the

Agreement provides that, at most, a single fee may be assessed per "item".

Independence has moved to dismiss Almon's complaint, arguing that the

Agreement expressly allows it to charge multiple RI Fees, therefore Almon's breach of

contract claim fails, and her other claims similarly. Almon contends that the Agreement

is ambiguous as to whether Independence can charge multiple RI Fees and therefore

the motion to dismiss should be denied.

Generally, the interpretation of a contract, including determining whether

a contract is ambiguous, is a question of law for the courts . . . ." *Cantrell Supply, Inc. v.*

*Liberty Mut. Ins. Co.*, 94 S.W.3d 381, 385 (Ky. Ct. App. 2002). "Ordinary contract

principles require that, absent an ambiguity, a written instrument be enforced strictly

according to its terms and the contract's meaning discerned from the four corners of the

agreement without resort to extrinsic evidence." *Smithfield Farms, LLC v. Riverside*

2

*Developers, LLC*, 566 S.W.3d 566, 570 (Ky. Ct. App. 2018), *review denied* (Feb. 7, 2019) (citations omitted). "A contract is ambiguous if a reasonable person would find it susceptible to different or inconsistent, yet reasonable, interpretations." *Id.* (Citation omitted).

Here, the Agreement provides, in relevant part: "[i]f your account lacks sufficient funds to pay a check . . . presented for payment . . . we may (1) return the item . . . . If we return the item . . . we may charge you a non-sufficient funds fee." Independence argues that that the Agreement allows them to charge a RI Fee each time an item is *presented for payment.* However, Almon argues that the Agreement only allows Independence to charge a single fee for each item, regardless of how many times it is submitted. Almon notes that "fee" is singular in "If we return the item . . . we may charge you a non-sufficient funds fee" and "Our handling of these items may subject your account to a fee as disclosed in the Fee Schedule or other Disclosures." Almon further notes that the Fee Schedule provides for a $35 fee "per *item* returned," singular.

Both interpretations are reasonable; therefore, the Court finds that the Agreement is ambiguous. Additionally, there is further ambiguity in the fact that the Agreement states that the account holder will be charged a "non-sufficient funds fee" for each item returned while the fee schedule does not specifically list a "non-sufficient funds fee", but only provides for "Return item(s) Fee-per item returned."

"Where a contract is ambiguous or silent on a vital matter, a court may consider parol and extrinsic evidence involving the circumstances surrounding execution of the contract, the subject matter of the contract, the objects to be accomplished, and the

conduct of the parties." *Cantrell Supply, Inc. v. Liberty Mut. Ins. Co.*, 94 S.W.3d 381, 385 (Ky. Ct. App. 2002).

However, at this time, neither party has tendered extrinsic evidence of the parties' intent and the motion before the Court is a motion to dismiss pursuant to CR 12.02. As such, Independence "admits as true the material facts of the complaint." *Fox v. Grayson*, 317 S.W.3d 1, 7 (Ky. 2010) (citations omitted). "[A] court should not grant such a motion unless it appears the pleading party would not be entitled to relief under any set of facts which could be proved. . . ." *Id.* (Citation and internal quotation marks omitted). Almon's complaint alleges that "Plaintiff understood the payment to be a single item as laid out in Independence Bank's account documents, capable at most of receiving a single RI Fee . . . ." If the contract is construed in Almon's favor, she could prevail on her breach of contract claim, including any breach of the implied covenant of good faith and fair dealing, *see Best v. U.S. Nat. Bank of Oregon*, 714 P.2d 1049, 1056 (1986), *aff'd*, 739 P.2d 554 (1987) (imposition of excessive service charges could violate duty of good faith and fair dealing), therefore the motion to dismiss this claim will be denied.

Similarly, Independence's motion to dismiss Almon's claim for violation of the Kentucky Consumer Protection Act ("KCPA") will also be denied. "The KCPA makes unlawful '[u]nfair, false, misleading, or deceptive acts or practices in the conduct of any trade[.]'" *Am. Nat'l Univ. of Kentucky, Inc. v. Commonwealth ex rel. Beshear*, No. 2018-CA-000610-MR, 2019 WL 2479608, at *4 (Ky. Ct. App. June 14, 2019) (citing KRS 367.170(1)). To state a claim for violation of the KCPA, a party must present "some evidence of unfair, false, misleading or deceptive acts . . . ." *Keaton v. G.C. Williams*

4

*Funeral Home, Inc.*, 436 S.W.3d 538, 546 (Ky. Ct. App. 2013) (citation and internal quotation marks omitted).

Here, the complaint alleges that "Independence Bank mischaracterized in the account documents its true RI Fee practices . . . ." "A motion to dismiss for failure to state a claim upon which relief may be granted admits as true the material facts of the complaint. So a court should not grant such a motion unless it appears the pleading party would not be entitled to relief under any set of facts which could be proved[.]" *Skeens v. Univ. of Louisville*, 565 S.W.3d 159, 160 (Ky. Ct. App. 2018), *reconsideration denied* (Nov. 19, 2018) (citation omitted).

Finally, Independence's motion to dismiss plaintiff's claim for unjust enrichment will be granted because neither party disputes the existence of a valid contract. *See Handmaker v. CertusBank, N.A.*, No. 3:15-CV-129-TBR, 2015 WL 6043930, at *3 (W.D. Ky. Oct. 15, 2015) (holding that where parties do not dispute the existence of a valid contract, claim for unjust enrichment properly dismissed).

## <u>ORDER GRANTING MOTION TO DISMISS IN PART</u>

Therefore, **IT IS HEREBY ORDERED** that defendant's, Independence Bank, motion to dismiss is **GRANTED IN PART**. Plaintiff's claim for unjust enrichment is **DISMISSED**. Defendant's, Independence Bank, motion to dismiss as to plaintiff's claims for breach of contract, including breach of the covenant of good faith and fair dealing, and violation of the Kentucky Consumer Protection Act is **DENIED**.

**ENTERED**, this the ⟨7⟩ day of March, 2020.

*T. Kall*

**Tim Kaltenbach, Judge**
**McCracken Circuit Court**
**Division No. I**

### Clerk's Certificate

I hereby certify that a copy of the foregoing Memorandum and Order Granting Motion to Dismiss in Part was mailed to the following on this the ⟨18⟩ day of March, 2020:

David O'Brien Suetholz
Branstetter, Stranch & Jennings, PLLC
515 Park Avenue
Louisville, KY 40208

J. Gerard Stranch, IV
Martin F. Schubert
Branstetter, Stranch & Jennings, PLLC
223 Rosa L. Parks Avenue, Suite 200
Nashville, TN 37203

Lynn A. Toops
Cohen & Malad, LLP
One Indiana Square, Suite 1400
Indianapolis, IN 46204

Christopher D. Jennings
The Johnson Firm
610 President Clinton Avenue, Suite 300
Little Rock, AR 72201

Stephen E. Smith, JR.
McMurry & Livingston, PLLC
P.O. Box 1700
Paducah, KY 42002-1700

Stuart M. Richter
Andrew J. Demko
Katten Muchin Rosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067

6

KIM CHANNELL, CLERK
McCRACKEN CIRCUIT COURT

By: _____ d.c.