IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

SHUNDA WILKINS; DIANN GRAHAM; and
DAVID WATSON, all on behalf of themselves
and all others similarly situated                                    PLAINTIFFS

v.                          No. 3:20-cv-116-DPM

SIMMONS BANK                                                           DEFENDANT

ORDER

The Court faces dueling motions, each of which asks for a bit too much.

Wilkins waited almost six months before answering Simmons's counterclaim for the balance due on her closed checking account. Wilkins hasn't provided a sufficient reason to excuse the delay completely. After Wilkins's time to answer expired, and for several months, Simmons sought a stipulation or a consent judgment. This was reasonable. Wilkins's amended complaint conceded that she owed all but $35 of the balance. *Doc. 15 at ¶¶ 20–34.* In response to the bank's overtures, Wilkins dragged her feet. Trying to negotiate a reduced amount, while not taking any step that would undermine her claim about the one challenged fee, was understandable. But Wilkins should have made these efforts after getting an answer filed or seeking the Court's permission to delay her response. Wilkins's actions have also

prejudiced Simmons by requiring unnecessary work by the bank's lawyers. All material circumstances considered, the bank is entitled to some relief, though not everything it seeks. *Johnson v. Dayton Electric Manufacturing Co.*, 140 F.3d 781, 784–85 (8th Cir. 1998).

Wilkins has always disputed one $35 fee, just as she's always conceded her debt for the rest. She thus has a potentially meritorious defense on the disputed slice. There's no prejudice to Simmons in preserving the status quo. Wilkins's delay was tactical. Though it does not condone the tactic, the Court understands it given Wilkins's unequivocal claim about the one fee and counsel's periodic challenges in communicating with their client. *Ibid.* The Court therefore construes Wilkins's papers as a request for leave to file a belated answer on the $35 challenged fee, and grants that request. *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership*, 507 U.S. 380, 395 (1993).

Simmons's motion is also granted as modified. The bank is entitled to judgment as a matter of law for $510.21 (the uncontested balance due), pre-judgment interest in an amount to be determined in due course, and a reasonable attorney's fee related solely to collecting this undisputed debt. In the circumstances, the Court will withhold judgment.

\* \* \*

Motions, *Doc. 50 & 53*, granted as modified. Tailored amended answer to counterclaim due by 3 September 2021.

So Ordered.

*[signature]*
D.P. Marshall Jr.
United States District Judge

25 August 2021