**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**
**NORTHERN DIVISION**

SHUNDA WILKINS, DIANN )
GRAHAM, and DAVID WATSON on )    Case No. 3:20-cv-00116-DPM
behalf of themselves and all others )
similarly situated, )    Hon. D.P. Marshall Jr.
)
　　　　　Plaintiffs, )
)
　　vs. )
)
SIMMONS BANK, )
)
　　　　　Defendant. )
_____ )

**DEFENDANT SIMMONS BANK'S BRIEF IN SUPPORT**
**OF MOTION FOR AWARD OF ATTORNEY'S FEE AND PRE-JUDGMENT**
**INTEREST**

Defendant Simmons Bank ("Simmons") hereby moves this Court for an award of attorney's fee and pre-judgment interest pursuant to the Court's order of August 25, 2021, Local Rule 54.1, and Federal Rule of Civil Procedure 54(d)(2). In further support of this motion, Simmons states as follows.

**INTRODUCTION**

Named Plaintiff and Counter-Defendant, Shunda Wilkins, filed this putative class action on or about April 14, 2020 asserting claims for breach of contract and unjust enrichment against Simmons relating to an alleged $35 return-item fee that Wilkins claims violated her account agreement with Simmons. Dkt. 15 (Am. Compl.) ¶¶ 21-34. However, when Simmons charged off Wilkins's account in December 2017 due to Wilkins's own failure to uphold the terms of her Simmons's account agreement, she had incurred a negative balance of $545.21. *Id.* ¶ 31. Thus, on

December 23, 2020, Simmons asserted counterclaims against Wilkins for breach of contract and, in the alternative, unjust enrichment. Dkt. 42.

Wilkins waited almost six months before answering Simmons's counterclaims, and after repeated failed attempts to negotiate a solution with Wilkins, Simmons moved for clerk's entry of default [Dkt. 46], which was entered [Dkt. 49], and for default judgment [Dkt. 53], which was granted in part on August 25, 2021 [Dkt. 62]. In granting Simmons's request for default judgment, the Court found that Simmons "is entitled to judgment as a matter of law for $510.21 (the uncontested balance due), pre-judgment interest in an amount to be determined in due course, and a reasonable attorney's fee related solely to collecting this undisputed debt." Dkt. 62 at 2.

## ARGUMENT

### I.  Simmons's Request For A $5,000 Attorney's Fee Is Reasonable.

The Court's August 25 order provides that Simmons is entitled to "a reasonable attorney's fee related solely to collecting [the undisputed portion of Wilkins's debt]." Dkt. 62 at 2. When addressing the issue of attorney's fees under Arkansas law, there is no fixed formula for determining what is reasonable. *Bailey v. Rahe*, 142 S.W.3d 634, 636 (Ark. 2004). Generally, the court first calculates a lodestar by multiplying the number of hours reasonably expended by a reasonable hourly rate, then considers whether the lodestar amount should be reduced, based various relevant factors. *Jones v. RK Enterprises of Blytheville, Inc.*, 632 F. App'x 306, 307 (8th Cir. 2016). Those factors include "(1) the experience and ability of counsel; (2) the time and labor required to perform the legal service properly; (3) the amount involved in the case and the results obtained; (4) the novelty and difficulty of the issues involved; (5) the fee customarily charged in the locality for similar services; (6) whether the fee is fixed or contingent; (7) the time limitations imposed upon the client in the circumstances; and (8) the likelihood, if apparent to the client, that

the acceptance of the particular employment will preclude other employment by the lawyer." *Bailey*, 142 S.W.3d at 637 (Ark. 2004).

Here, Simmons seeks to recover $5,000 as its attorney's fee award, which is a small portion of the amount it was forced to actually incur to pursue its counterclaims against Wilkins over the course of eight months due to Wilkins's dilatory and evasive conduct. Ex. A (Bogo-Ernst Aff.) ¶¶ 4–6. That amount is reasonable.

Simmons began to incur fees related to collecting this undisputed debt no later than December 23, 2020 when it filed its counterclaims against Wilkins [Dkt. 42]. Ex. A ¶ 4. In February 2021, Simmons's lawyers began making inquiries about Wilkins's past-due answer and spent significant time repeatedly attempting to get Wilkins to explain her delay, file an answer or stipulate to a consent judgment, which Simmons's lawyers drafted in good faith. Ex. A ¶ 4. None of these attempts by Simmons was successful.

On July 1, 2021, after exhausting efforts at a cooperative resolution, Simmons incurred additional fees when it moved for clerk's entry of default [Dkt. 46]. Ex. A ¶ 4. Wilkins responded by filing her belated Answer [Dkt. 47] and a response in opposition [Dkt. 48] immediately the next day, on July 2. The clerk's default was also entered on July 2 [Dkt. 49], and Wilkins immediately moved to set it aside [Dkt. 50]. Simmons then incurred more fees responding appropriately to Wilkins's late Answer [Dkt. 47], her opposition to motion for entry of clerk's default [Dkt. 48], and her motion to set aside [Dkt. 50] by drafting, and filing a combined Motion To Strike Wilkins's Answer And For Default Judgment [Dkt. 53] and Response In Opposition To Wilkins's Motion To Set Aside Default and Brief In Support Of Its Motion To Strike Wilkins's Answer And For Default Judgment [Dkt. 54]. Ex. A ¶ 4. After Wilkins filed her response in opposition [Dkt. 59], Simmons incurred more attorney's fees through the filing of its Reply In Support Of Motion To

Strike Wilkins's Answer And For Default Judgment [Dkt. 60] to correct Wilkins's multiple, incorrect assertions of fact and law on the record. Ex. A ¶ 4.

Ultimately, Simmons was forced to incur attorney's fees for over 100 hours of attorney time. Ex. A ¶ 5.  The lowest hourly billable rate for Simmons's national legal team (*i.e.*, Ms. Holifield's discounted rate) is more than double the $250 per hour that Simmons is seeking in connection with this motion for award of attorney's fee.  *Id.*  Simmons requests an award of $5,000, representing just 20 hours of time at $250 per hour. That fee request is reasonable in light of the experience and ability of counsel; the time and labor required to perform the legal service properly; the local legal-services market; and the amount involved in the case and the results obtained. *See also Little Rock Sch. Dist. v. Pulaski Cty. Special Sch. Dist.*, 2019 WL 3408892, at *1 (E.D. Ark. July 26, 2019) ("success, and the lack of it, are important consideration") (J. Marshall).

Most importantly, the "results obtained" by Simmons pursuing its counterclaims against Wilkins since December 2020 were excellent. Simmons won a contested default judgment on its counterclaim for breach of contract and obtained an award of $510.21 of the $545.21 sought by Simmons, representing all but the single $35.00 fee disputed by Wilkins's Complaint on which judgment is reserved.

Further, Simmons devoted the time and labor required to perform the legal service properly. The arguments needed to demonstrate that Simmons was entitled to default judgment were necessarily fact intensive. *Sullivan & Assocs., LLC v. Holladay*, 2010 WL 582790, at *2 (E.D. Ark. Feb. 16, 2010) ("To determine whether good cause exists, a court must consider all of the relevant circumstances."). And, the counterclaims brought by Simmons against Wilkins are not stand-alone garden variety claims to recover a debt owed; they are part of a broader eight-state, multi-million dollar putative class action brought by no fewer than seven experienced plaintiffs'

class action attorneys from Washington D.C., Los Angeles, Atlanta, Nashville, and Indianapolis. Thus, Simmons's counterclaims against Wilkins involve not just the $545.21 debt owed to Simmons but also Wilkins's ability to serve as a typical and adequate class representative.

All counsel had the requisite ability and experience to represent Simmons in this matter, which is significant given the stakes. Ex. A ¶ 7.  An associate familiar with practice in the Eastern District of Arkansas and with each of the cases brought against Simmons by this national team of class action attorneys handled the research and drafting, while a partner with significant experience in the context of representing financial institutions and defending against class certification reviewed and revised the drafts. *Id.* At various points in time, other team members assisted with drafting, reviewing the drafts, and research as well. *Id.* Simmons believes that the counterclaims, motions, and briefing submitted by it since December 2020 relating to these counterclaims were of high quality and respectfully asserts that legal research as well as "[o]utlining, writing, and revising take time." *Hull v. Soc. Sec. Admin.*, 2014 WL 198797, at *1 (E.D. Ark. Jan. 15, 2014) (J. Marshall).

While Simmons believes all the fees incurred in pursuit of its debt against Wilkins were reasonably and necessarily incurred, it also understands that the $510.21 it seeks to recover from Wilkins, while meaningful, is small relative to the fees incurred pursuing it. For that reason, and to save the Court and the parties from line-item review of bills and extended proceedings over the proper fee award, Simmons respectfully requests that the Court approve a $5,000 attorney's fee award.  That amount reflects a reasonable number of hours (20) at a reasonable hourly rate ($250) in Arkansas, especially given the amount of work done and the expertise of counsel, the excellent result, and the broader and more complex class-action litigation context.

II.     **Simmons Requests Pre-judgment Interest At 6%.**

This Court also found that Simmons is entitled to "pre-judgment interest in an amount to be determined in due course." Dkt. 62 at 2. "Under Arkansas law, in cases where damages are awarded and no interest rate has been agreed to by the parties, prejudgment interest is limited to 6%, . . . and the Arkansas Supreme Court has approved using 6% as the prejudgment interest rate rather than the market rate, when the parties did not agree otherwise." *Affiliated Real Est. Appraisers of AR v. Moran*, 2008 WL 5225825, at *2 (E.D. Ark. Dec. 11, 2008); Ark. Code Ann. § 4-57-101(d) (specifying 6% pre-judgment interest rate when a contract is silent). Through September 8, 2021, $113.73 has accrued in pre-judgment interest since Simmons charged off Wilkins's account for non-payment of her debt on December 21, 2017. Additional pre-judgment interest accrues at $.0837 per day. Accordingly, Simmons requests pre-judgment interest of $113.73 plus $.0837 for every day through the entry of judgment.

## CONCLUSION

For the foregoing reasons, Simmons respectfully requests that this Court award it attorney's fee in the amount of $5,000.00 plus pre-judgment interest on its $510.21 recovery in the amount of $113.73 plus $.0837 for every day until the entry of judgment.


Dated: September 8, 2021                          Respectfully submitted,

/s/ Debra Bogo-Ernst
E. B. Chiles IV (96179)
R. Ryan Younger (2008209)
Attorneys for Simmons Bank
QUATTLEBAUM, GROOMS & TULL PLLC
111 Center Street, Suite 1900
Little Rock, Arkansas 72201
(501) 379-1700 Telephone
ryounger@qgtlaw.com

Debra Bogo-Ernst (IL No. 6271962) (*pro hac vice*)
Lucy Holifield (AR No. 2016165; IL No. 6329822)
Attorneys for Simmons Bank
MAYER BROWN LLP
71 South Wacker Drive
Chicago, Illinois 60606
(312) 782-0600 Telephone
(312) 701-7711 Facsimile
dernst@mayerbrown.com
lholifield@mayerbrown.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on September 8, 2021, a true and accurate copy of the foregoing was distributed to the following counsel of record through the Court's ECF system:

E. Adam Webb
Webb, Klase & Lemond, LLC
1900 The Exchange, S.E.
Suite 480
Atlanta, GA 30339
770-444-0773
Email: adam@webbllc.com

Francis J. Casey Flynn
Consumer Protection Legal LLC
422 South Curson Avenue
Los Angeles, CA 90036
314-662-2836
Email: casey@consumerprotectionlegal.com

J. Gerard Stranch , IV
Branstetter, Stranch & Jennings PLLC
223 Rosa L. Parks Avenue
Suite 200
Nashville, TN 37204
615-254-8801
Email: gerards@bsjfirm.com

Jeffrey Kaliel
Kaliel PLLC
1875 Connecticut Avenue NW
10th Floor
Washington, DC 20009
202-350-4783
Email: jkaliel@kalielpllc.com

Lynn A. Toops
Cohen & Malad, LLP
One Indiana Square
Suite 1400
Indianapolis, IN 46204
317-636-6481
Email: ltoops@cohenandmalad.com

Tiffany Marko Yiatras
Consumer Protection Legal LLC
422 South Curson Avenue
Los Angeles, CA 90036
314-725-7700
Fax: 314-721-0905
Email: tiffany@consumerprotectionlegal.com

William F. Burns
Watson Burns, PLLC
253 Adams Avenue
Memphis, TN 38103
901-529-7996
Fax: 901-529-7998
Email: bburns@watsonburns.com

/s/ Debra Bogo-Ernst
Debra Bogo-Ernst