UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

SHUNDA WILKINS, DIANN C.
GRAHAM, and DAVID A. WATSON, on
behalf of themselves and all others
similarly situated,

   Plaintiffs,

vs.

SIMMONS BANK,

   Defendant.

Case No. 3:20-cv-00116-DPM

## OPPOSITION TO MOTION FOR AWARD OF ATTORNEYS' FEE

Shunda Wilkins hereby opposes the motion for an award of legal fees by Simmons Bank.[1] As demonstrated herein, the $5,000 fee requested by Simmons is grossly excessive and contrary to Arkansas law. Simmons Bank's alleged expenditure of twenty hours of its attorneys' time to collect a disputed amount of $139.22 is incomprehensible, and its Motion to recover its alleged fees is a very poor use of scarce judicial resources. The request for fees should be rejected.

## STANDARD OF REVIEW

Under Arkansas law, courts look at eight factors when determining the proper attorneys' fee to be awarded. *E.g.*, *Lake View Sch. Dist. No. 25 v. Huckabee*, 91 S.W.3d 472 (Ark. 2002); *Chrisco v. Sun Indus.*, 800 S.W.2d 717 (Ark. 1990). These factors include: (1) the experience and ability of counsel; (2) the time and labor required to perform the legal service properly; (3)

---

[1] Because Arkansas law supports an award of prejudgment interest at 6%, Plaintiff does not contest Defendant's request for prejudgment interest. *E.g.*, *Reynolds Health Care Services, Inc. v. HMNH, Inc.*, 217 S.W.3d 797, 807 (Ark. 2005) ("Prejudgment interest is compensation for recoverable damages wrongfully withheld from the time of the loss until judgment").

the amount involved in the case and the results obtained; (4) the novelty and difficulty of the issues involved; (5) the fee customarily charged in the locality for similar services; (6) whether the fee is fixed or contingent; (7) the time limitations imposed upon the client or by the circumstances; and (8) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer. *Lake View*, 91 S.W.3d at 510; *see also South Beach Beverage v. Harris Brands, Inc.*, 138 S.W.3d 102 (Ark. 2003).

"The starting point for determining the amount of reasonable fees is the lodestar, which multiplies the number of hours reasonably expended by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). "[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Id.* at 437. When the party seeking an award of fees submits inadequate documentation of its hours and rates, "the district court may reduce the award accordingly." *Id.* at 433. Counsel for the moving party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission. *Id.* at 434. "[A] reasonable hourly rate is the prevailing market rate, that is, 'the ordinary rate for similar work in the community where the case has been litigated.'" *Moysis v. DTG Datanet*, 278 F.3d 819, 828 (8th Cir. 2002).

## ARGUMENT AND CITATION OF AUTHORITY

The application of the applicable standards to the facts before this Court make clear that Simmons Bank's request for an attorneys' fee of $5,000 on a recovery of $139.22 (Ms. Wilkins agreed to pay the remaining amount) is excessive, lacks sufficient documentation, and should be rejected.

I.      **Simmons Bank's Request For A $5,000 Fee Is Excessive And Lacks Documentation.**

In seeking an award of attorneys' fee that is 25 times the disputed amount, Simmons Bank argues that the requested amount is reasonable because it is "a small portion of the amount it was forced to actually incur to pursue its counterclaims against Wilkins." *See* Dkt. No. 68, p. 3. And while Simmons Bank may think that a request for a $5,000 legal fee is reasonable, both Ms. Wilkins and the Court are left to speculate whether this is indeed the case because the Bank failed to provide sufficient documentation of its hours and rates necessary to make such a determination. Because Simmons Bank has failed to adequately document its fee request and failed to adequately address the eight factors required for an award of fees under Arkansas law, its fee request should be denied.

The Bank's motion pays mere lip service to the eight factors set forth in *Chrisco*. Regarding the first factor, the experience and ability of counsel, the Affidavit of Debra Bogo-Ernst establishes that she is the "Chicago office lead for Mayer Brown's Litigation & Dispute Resolution practice and am co-lead of the firm's nationwide Consumer and Class Action practice" but fails to set forth any other details about the experience or ability of any of the other lawyers who worked on the Bank's pursuit of the counterclaim against Ms. Wilkins. *See* Dkt. No. 67-1, ¶ 2. By providing information regarding the experience and ability of only one of its many attorneys the Bank has failed to adequately document the first factor.

With respect to the second factor, the time and labor required to perform the legal service properly, the Affidavit of Debra Bogo-Ernst asserts, without any documentation to support this claim, that "Simmons was forced to incur fees for over 100 hours of attorney time." *Id.* at ¶ 5. Without any supporting documentation, Ms. Wilkins and this Court have no ability to review the fee request for hours that are excessive, redundant, or otherwise unnecessary. Nor can Ms.

Wilkins or the Court review the fee request to determine whether or not the attorney time submitted was related "solely" to collecting the "undisputed" debt – as opposed to attorney time spent related to the "disputed" portion of the debt. *See* Dkt. No. 62, p. 2 (limiting fees to those relating "solely to collecting this undisputed debt"). Moreover, Ms. Bogo-Ernst does not indicate that the hours were reviewed to remove hours that were excessive, redundant, or otherwise unnecessary. Instead, the Bank randomly requests to be compensated for 20 hours.

Simmons Bank tries to excuse the lack of information provided by suggesting that its approach is "sav[ing] the Court and the parties from line-item review of bills and extended proceedings of the proper fee award." *See* Dkt. No. 68, p. 5. This self-serving argument only obscures the fact that Defendant has randomly requested to be compensated for 20 hours without any meaningful explanation. Simmons Bank bears the burden of establishing an entitlement to an award and documenting the appropriate hours expended. Defendant's motion has failed to adequately document the fee request.

The third factor also weighs against the Bank's fee request. The amount involved in the case is $510.21. While this amount is a lot of money for Ms. Wilkins, it is an insignificant amount of money to the Bank, which made no effort to collect in the four years since Ms. Wilkins' account was closed by the Bank until this class action lawsuit was filed. And while Simmons Bank contends that the results obtained were excellent, this claim is misleading. Simmons Bank has admitted to this Court previously that Ms. Wilkins offered to pay the Bank $370.99 of the $510.21 three months ago. *See* Dkt. No. 54, p. 3. Therefore, Simmons Bank's success is the collection of an additional $139.22, for which it requests an undocumented fee of $5,000. Clearly the results obtained by the Bank have been overstated.

The fourth factor, the novelty and difficulty of the issues involved, also does not support the Bank's request for $5,000 in attorneys' fees. The Bank's counterclaim was straightforward and non-complex. Indeed, this Court recognized that "Wilkins's amended complaint conceded that she owed all but $35 of the balance." *See* Dkt. No. 62, p. 1 (citing Dkt. No. 15 at ¶¶ 20-34). The simple nature of the counterclaim does not support the requested fee.

The fifth factor considered by Arkansas courts is the fee customarily charged in the locality for similar services.[2] Defendant did not provide any information regarding what the customary fee is in the Eastern District of Arkansas. *See generally* Dkt. No. 68. Instead, the Bank simply selected the hourly rate of $250 and 20 hours of time out of thin air. *Id.* The customary fee for such work is 50% or less of the amount recovered. Thus, Simmons Bank should be limited to the customary fee.

Simmons Bank also fails to address the last three *Chrisco* factors: whether the fee is fixed or contingent; the time limitations imposed upon the client or by the circumstances; and the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer. *See generally* Dkt. No. 68. Once again, Defendant's fee request is lacking.

---

[2] Had Simmons referred Ms. Wilkins's debt out to a collection agency, then pursuant to Arkansas Code § 17-24-309(a), the collection agency could not have charged as a collection charge or fee an amount in excess of 50% of the total amount *actually* collected on Ms. Wilkins's account. Whether Mayer Brown LLP qualifies as a "person, partnership, corporation, association, limited liability corporation, or firm which engages in the collection of delinquent accounts, bills, or other forms of indebtedness owed or due or asserted to be owed or due to another or any person, partnership, corporation, association, limited liability corporation" is undetermined, but if it does, then the fee request would be capped at $255.11. When a debt collector could not assess more than $255 for performing the same services Simmons' attorneys allegedly did here, it is far from "customary" in this state for Simmons' attorneys to seek a $5,000 fee.

## CONCLUSION

The attorneys' fee request submitted by Simmons Bank is grossly excessive. Requesting the random amount of $5,000 without providing any documentation to support the request is contrary to Arkansas and federal law regarding requests for fees. Because Simmons Bank has failed to satisfy the eight-factor test for an award of attorneys' fees, the request should be denied.

Dated: September 22, 2021                Respectfully submitted,

                                        BY:    /s/ E. Adam Webb
                                                  E. Adam Webb
                                                  G. Franklin Lemond, Jr.
                                                  WEBB, KLASE & LEMOND, LLC
                                                  1900 The Exchange, S.E.
                                                  Suite 480
                                                  Atlanta, Georgia 30339
                                                  (770) 444-9325
                                                  Adam@WebbLLC.com
                                                  Franklin@WebbLLC.com

                                                  William F. Burns, III (AR Bar No. 2008019)
                                                  WATSON BURNS, PLLC
                                                  253 Adams Avenue
                                                  Memphis, Tennessee 38103
                                                  (901) 529-7996
                                                  fwatson@watsonburns.com

                                                  Jeffrey Kaliel
                                                  KALIEL PLLC
                                                  1875 Connecticut Avenue NW
                                                  10th Floor
                                                  Washington, DC 20009
                                                  (202) 350-4783
                                                  jkaliel@kalielpllc.com

                                                  Tiffany M. Yiatras
                                                  Francis J. "Casey" Flynn, Jr.
                                                  CONSUMER PROTECTION LEGAL, LLC
                                                  308 Hutchinson Road
                                                  Ellisville, Missouri 63011
                                                  tiffany@consumerprotectionlegal.com
                                                  casey@consumerprotectionlegal.com

Lynn A. Toops
COHEN & MALAD, LLP
One Indiana Square
Suite 1400
Indianapolis, IN 46204
(317) 636-6481
ltoops@cohenandmalad.com

J. Gerard Stranch , IV
BRANSTETTER, STRANCH &
JENNINGS PLLC
223 Rosa L. Parks Avenue
Suite 200
Nashville, TN 37204
(615) 254-8801
gerards@bsjfirm.com

*Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on September 22, 2021, a true and accurate copy of the foregoing was distributed to the following counsel of record the Court's ECF system:

Debra Bogo-Ernst
Matthew C. Sostrin
MAYER BROWN LLP
71 South Wacker Drive
Chicago, Illinois 60606
dernst@mayerbrown.com
msostrin@mayerbrown.com

E. B. Chiles IV (96179)
R. Ryan Younger (2008209)
QUATTLEBAUM, GROOMS & TULL PLLC
111 Center Street, Suite 1900
Little Rock, Arkansas 72201
cchiles@qgtlaw.com
ryounger@qgtlaw.com

*/s/ G. Franklin Lemond, Jr.*
G. Franklin Lemond, Jr.