**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**NORTHERN DIVISION**

| | |
|---|---|
| **SHUNDA WILKINS and DAVID WATSON, on behalf of themselves and all others similarly situated,**<br><br>**Plaintiffs,**<br><br>**vs.**<br><br>**SIMMONS BANK,**<br><br>**Defendant.** | **Case No. 3:20-cv-00116-DPM** |

## NOTICE OF SUBSEQUENT DEVELOPMENTS

Plaintiffs hereby notify the Court of two subsequent developments that may assist the Court in ruling on Plaintiffs' Motion for Class Certification (ECF No. 91) and Defendant's Motion for Summary Judgment (ECF No. 79).

First, Plaintiff Shunda Wilkins recently deposited $545.21 into her Simmons Bank account, bring her outstanding balance to zero ($0.00).  *See* Deposit Slip (Exhibit 1 hereto).  That amount consists of the $510.21 that the Court found the Bank was entitled to as a matter of law (ECF No. 62, p. 2) and the $35 fee that she is challenging in this case.  Ms. Wilkins' payment of her outstanding balance is relevant to Defendant's arguments on summary judgment.

Second, Plaintiffs bring to the Court's attention a recent guidance promulgated by the Federal Deposit Insurance Corporation ("FDIC") in March 2022 regarding the fee assessment practice that is the subject of this litigation.  In the FDIC's most recent Consumer Compliance Supervisory Highlights, the regulator addressed the charging of multiple non-sufficient funds fees for items presented multiple times against insufficient funds in the customer's account, stating:

During 2021, the FDIC identified consumer harm when financial institutions charged multiple NSF fees for the re-presentment of unpaid transactions. Some disclosures and account agreements explained that one NSF fee would be charged "per item" or "per transaction." These terms were not clearly defined and disclosure forms did not explain that the same transaction might result in multiple NSF fees if re-presented. While case-specific facts would determine whether a practice is in violation of a law or regulation, the failure to disclose material information to customers about re-presentment practices and fees may be deceptive.

*See* Consumer Compliance Supervisory Highlights, p. 8 (Exhibit 2 hereto).   This Supervisory

Highlight is relevant to the arguments made on class certification and summary judgment.

Dated: May 23, 2022.                       Respectfully submitted,


E. Adam Webb                              William F. Burns (2008019)
WEBB, KLASE & LEMOND, LLC                  WATSON BURNS, PLLC
1900 The Exchange, S.E., Suite 480         253 Adams Avenue
Atlanta, Georgia 30339                     Memphis, Tennessee 38103
(770) 444-0773                             (901) 529-7996
Adam@WebbLLC.com                           bburns@watsonburns.com

Jeffrey Kaliel                            Tiffany M. Yiatras
KALIEL PLLC                                Francis J. "Casey" Flynn, Jr.
1875 Connecticut Avenue NW                 CONSUMER PROTECTION LEGAL, LLC
10th Floor                                 308 Hutchinson Road
Washington, DC 20009                       Ellisville, Missouri 63011
(202) 350-4783                             tiffany@consumerprotectionlegal.com
jkaliel@kalielpllc.com                     casey@consumerprotectionlegal.com

Lynn A. Toops                             J. Gerard Stranch, IV
COHEN & MALAD, LLP                         BRANSTETTER, STRANCH
One Indiana Square, Suite 1400             & JENNINGS, PLLC
Indianapolis, Indiana 46204                223 Rosa L. Parks Avenue, Suite 200
(317) 636-6481                             Nashville, Tennessee 37203
ltoops@cohenandmalad.com                   (615) 254-8801
                                           gerards@bsjfirm.com


*Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 23, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which shall send notification of such filing to all counsel of record.

*E. Adam Webb*