IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

| | |
|---|---|
| SHUNDA WILKINS and DAVID WATSON on behalf of themselves and all others similarly situated,<br><br>  Plaintiffs,<br><br>vs.<br><br>SIMMONS BANK,<br><br>  Defendant. | Case No. 3:20-cv-00116-DPM<br><br>Hon. D.P. Marshall Jr. |

**RESPONSE TO PLAINTIFFS' NOTICE OF SUBSEQUENT DEVELOPMENTS**

With their untimely and improper Notice of Subsequent Developments (Doc. 106), Plaintiffs yet again show disdain for the deadlines and orders in this case. *See* Doc. 102 at 2-3 (*Daubert* Opp.); Doc. 86 at 7-8 (*Daubert* Br.); Doc. 62 (Order). Plus, neither of the "developments" cited by Plaintiffs do anything to save their claims from summary judgment or their class-certification motion from denial. The Court should disregard the Notice.

**Payment of Negative Balance.** Consider first Shunda Wilkins's deposit of $545.21 into her Simmons account on May 10, 2022. That newly created "evidence" comes far too late to have any effect on the pending motions in this case. Wilkins abandoned her Simmons account with a negative $545.21 balance in December 2017, which Simmons then charged off. Years later, still not having paid that balance, Wilkins sued Simmons in 2020. Doc. 80 at 17-18 (MSJ Br.). Over the next two years, Simmons then pleaded defenses and counterclaims (Doc. 42 (Ans.)), conducted fact discovery, developed expert opinions (Doc. 88-2 ¶¶ 2-27 (Kwon Rep.)), obtained partial judgment on its counterclaims (Doc. 62 (Order)), briefed its summary judgment motion (Doc. 80 at 37-38, 41-45 (MSJ Br.)), and opposed class certification (Doc. 93 at 31-35 (Class Cert. Opp.)) based in part on Wilkins's failure to pay her debt, including the only fee she challenged. Wilkins

1

had ample opportunity to repay her negative balance before she filed suit or before the parties briefed summary judgment and class certification. She instead chose to litigate on then-existing facts, arguing that her failure to pay was "irrelevant." *See, e.g.*, Doc. 94 at 4, 47-48 (MSJ Opp.). Now, three months after the conclusion of summary-judgment and class-certification briefing, Wilkins has decided to change strategies.

The Court should not countenance that maneuver. Self-created "developments" cannot cure standing defects that have existed since the filing of this suit. *See Harley v. Zoesch*, 413 F.3d 866, 872 (8th Cir. 2005) ("[b]ecause standing is determined as of the lawsuit's commencement, we consider the facts as they existed at that time"). And, more generally, Wilkins should not be allowed to change course at this point. The parties and the Court have invested tremendous time and resources into litigating the factual circumstances set forth in the pleadings and developed through discovery. Allowing Wilkins's belated change of approach could undermine much of that work and would impose other burdens in assessing the impact, if any, of the newly created facts.

Nor is there any need to suffer those burdens when Wilkins's $545.21 deposit almost certainly would not save her individual or class claims. First, Simmons has many arguments for summary judgment and against class certification that do not turn on Wilkins's failure to pay her negative balance. Doc. 80 (MSJ Br.); Doc. 93 (Class Cert. Opp.). Second, Wilkins's choice to pay the fee she purports to challenge—with full knowledge that Simmons assessed the fee on a resubmitted transaction and had abandoned any effort to collect it (Doc. 83 ¶ 31 (Hunter Decl.))—gives rise to voluntary-payment, ratification, and waiver defenses. *See* Doc. 93 at 57-58, 61-62 (Class Cert. Opp.) (describing defenses). Third, Wilkins still owes Simmons far more than the $35 challenged fee because she owes Simmons over $3,100 in attorneys' fees and interest related to Simmons's counterclaims, which creates unjust-enrichment and redressability defenses. Doc. 80

at 38-39, 43-45 (MSJ Br.). In short, Wilkins still does not have viable breach-of-contract or unjust-enrichment claims, and she remains an inadequate and atypical representative of the putative class.

For these reasons, the Court should ignore Wilkins's latest untimely effort to save her meritless claims.

**FDIC Publication.** Plaintiffs get no more help from their description of the March 2022 FDIC publication on fees related to resubmitted transactions. To begin with, the Court cautioned Plaintiffs after their first Notice of Supplemental Authority (Doc. 36) that, "[e]xcept to hear about new binding precedent from the United States Supreme Court or the United States Court of Appeals for the Eighth Circuit, the Court does not favor extending the briefing on any motion by way of notices of supplemental authority." Doc. 38 (Entry). By submitting the FDIC publication, Plaintiffs did exactly what the Court told them to not do.

Indeed, the FDIC publication is about as far away from binding precedent as possible. It does not come from any court or even from one of Simmons's primary regulators, as the Federal Reserve is the primary federal regulator for Simmons. It does not address contract or unjust-enrichment law. It does not address the merits of individual or class litigation by private parties. And it certainly does not consider the particulars of Simmons's conduct or Plaintiffs' claims. Much to the contrary, the publication is general, advisory, and hedged. Doc. 106-2 at 11-12 (FDIC Publication). For instance, even the passage quoted by Plaintiffs acknowledges that "case-specific facts would determine whether a practice is in violation of a law or regulation." *Id.* at 11. And more generally, the FDIC publication goes no further than saying that "[d]isclosure and fee practices for re-presentments *may* result in heightened risk of violations of Section 5 of the FTC Act." *Id.* (emphasis added).

Again, the Court should disregard Plaintiffs' attempt to distract from the legal precedent and factual record that call for summary judgment and preclude class certification.

DATED: May 25, 2022

                Respectfully submitted,

                /s/ *Debra Bogo-Ernst*

E. B. Chiles IV (96179)
R. Ryan Younger (2008209)
QUATTLEBAUM, GROOMS & TULL PLLC
111 Center Street, Suite 1900
Little Rock, Arkansas 72201
(501) 379-1700 Telephone
(501) 379-1701 Facsimile
ryounger@qgtlaw.com

Debra Bogo-Ernst (IL No. 6271962) (*pro hac vice*)
Joshua Yount (IL No. 6256900) (*pro hac vice*)
Lucy Holifield (AR No. 2016165; IL No. 6329822)
MAYER BROWN LLP
71 South Wacker Drive
Chicago, Illinois 60606
(312) 782-0600 Telephone
(312) 701-7711 Facsimile
dernst@mayerbrown.com
jyount@mayerbrown.com
lholifield@mayerbrown.com

*Attorneys for Simmons Bank*